UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEPHEN SLOAT, individually and on behalf of others similarly situated,<br>Plaintiff<br><br>v.<br><br>CAMFIL USA, INC.,<br>Defendant | No. 23 CV 5125<br><br>Judge Jeremy C. Daniel |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Stephen Sloat, a former employee of Camfil USA, Inc. ("Camfil"), alleges that Camfil required him to provide biometric fingerprint scans to clock in and out of work without first obtaining his consent. (R. 1 ("Compl.").) He filed this putative class action lawsuit claiming that Camfil violated § 15(a) and § 15(b) of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq*. Camfil now moves to dismiss Sloat's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (R. 15.) Camfil also moves to strike Sloat's class allegations. (*Id.*) For the reasons that follow, the defendant's motion is denied.

**BACKGROUND**

Camfil is a Delaware manufacturer of air filtration systems doing business in Illinois. (Compl. ¶ 4.) Sloat worked as an hourly employee at Camfil's facility in Crystal Lake, Illinois from September 2019 to July 2021. (*Id.* ¶ 5). He alleges that Camfil implemented a timekeeping program that captured, collected, and used his fingerprints without his consent. (*Id.* ¶ 2.) Sloat states that he "[h]e was required to

have his fingerprint collected and/or captured to track his time, record his attendance, and/or authenticate his identity." (*Id.* at ¶ 15.) He estimates that his biometric information was captured without informed consent "over 1,000 times" and that, upon information and belief, all other hourly employees and workers were also required to have their fingerprints collected or captured. (*Id.* ¶¶ 15–16.) In addition, Sloat alleges that Camfil failed to maintain or publicize information about its practices or policies concerning the retention of biometric identifiers. (*Id.* ¶ 17.)

Sloat filed this putative class action on behalf of himself and other Camfil employees, alleging that Camfil violated § 15(a) of BIPA by failing to disclose its policy regarding the storage and destruction of employees' biometric information, and by failing to destroy employees' biometric information after they left the company. (*Id.* ¶¶ 35(e), 36.) Sloat also alleges that Camfil violated § 15(b) of BIPA by capturing employees' biometric information without informing them or obtaining their consent. (*Id.* ¶¶ 2, 15.) In addition to class certification, Sloat seeks statutory liquidated damages, injunctive and equitable relief, and attorneys' fees, costs, and interest under 740 ILCS 14/20. (*Id.*) Camfil now moves to dismiss the complaint in its entirety and strike Sloat's class allegations. (R. 15.)

## LEGAL STANDARD

A Rule 12(b)(1) motion tests whether the court has subject matter jurisdiction. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). A plaintiff bears the burden of establishing subject matter jurisdiction in response to a defendant's Rule 12(b)(1) motion. *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588–89 (7th Cir. 2014). Where, as here, the defendant

argues that jurisdictional allegations in the complaint are inadequate, "the district court must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff." *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995).

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan*, 570 F.3d at 820. "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). The allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While factual allegations are entitled to a presumption of truth, legal conclusions are not. *Iqbal*, 556 U.S. at 678–79.

## ANALYSIS

### I. SUBJECT MATTER JURISDICTION

Subject matter jurisdiction is "the first issue in any case," so the Court begins there. *Miller v. Sw. Airlines Co.*, 926 F.3d 898, 902 (7th Cir. 2019). This Court has diversity jurisdiction under 28 U.S.C. § 1332(d) because Sloat has alleged that: (i) at least one putative class member is a citizen of a state different from Camfil; (ii) the amount in controversy exceeds $5,000,000 exclusive of interest and costs; and (iii) no relevant exceptions apply. (Compl. ¶ 6.)

Camfil does not dispute these allegations but contends that Sloat lacks standing under Article III of the Constitution. "Standing is an element of subject-matter jurisdiction in a civil action." *Moore v. Wells Fargo Bank, N.A.*, 908 F.3d 1050, 1057 (7th Cir. 2018). To establish Article III standing, Sloat must plausibly allege

that (1) he suffered an actual or imminent, concrete and particularized injury-in-fact; (2) there is a causal connection between his injury and the conduct complained of; and (3) there is a likelihood that the injury will be redressed by a favorable decision. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561 (1992)). Only the first element—injury-in-fact—is at issue here.

To qualify as "concrete" for purposes of the injury-in-fact requirement, a plaintiff's injury must be "real, . . . not abstract." *Spokeo*, 135 S. Ct. at 1548. "[A] bare procedural violation, divorced from any concrete harm," does not "satisfy the injury-in-fact requirement of Article III." *Id.* "Instead, the plaintiff must show that the statutory violation presented an 'appreciable risk of harm' to the underlying concrete interest that [the legislature] sought to protect by enacting the statute." *Groshek v. Time Warner Cable, Inc.*, 865 F.3d 884, 887 (7th Cir. 2017) (citation omitted). Since Sloat alleges that Camfil has violated both § 15(a) and § 15(b) of BIPA, the Court must consider whether his allegations are sufficient to satisfy the standing requirement for each claim. *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021) ("[S]tanding is not dispensed in gross; rather, plaintiffs must [have] standing for each claim that they press[.]")

Section 15(a) of BIPA requires a private entity in possession of biometric identifiers or biometric information to develop a written policy establishing a retention schedule and guidelines for permanently destroying the same "when the initial purpose for collecting or obtaining such identifiers or information has been

4

satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a). Fingerprints are "biometric identifiers" within the meaning of the statute. 740 ILCS 14/10.

Sloat alleges that Camfil violated this subsection by failing to "provide a publicly available retention schedule detailing the length of time biometric information is stored and guidelines for permanently destroying the biometric information it stores," and "[b]y capturing, storing, and using Plaintiff's and the other Class members' biometric identifiers and/or biometric information" (*i.e.* their fingerprints) without destroying them. (Compl. ¶¶ 35(e), 36).

Sloat's first § 15(a) allegation—that Camfil failed to publish a publicly-available retention schedule regarding the storage and destruction of biometric information—is insufficient to establish Article III standing. The Seventh Circuit has held that "the duty to disclose [retention policies] under section 15(a) is owed to the public generally, not to particular persons whose biometric information the entity collects." *Bryant v. Compass Grp. USA, Inc*, 958 F.3d 617, 626 (7th Cir. 2020). Thus, allegations that Camfil failed to publish a retention schedule are insufficient to satisfy the injury-in-fact requirement. *See id.*

The complaint alleges more than generalized harm due to Camfil's failure to publicly disclose its retention policy, however. Sloat asserts that Camfil's retention of (and failure to destroy) *his own* biometric information violates § 15(a). (Compl. ¶ 36.) Viewing this allegation in the light most favorable to Sloat, the Court concludes that it is sufficient to establish an injury-in-fact. In *Fox v. Dakkota Integrated Systems,*

5

*LLC*, the Seventh Circuit held that allegations a defendant had "violat[ed] the full range of its section 15(a) duties by failing to develop, publicly disclose, *and comply*" with a data-retention schedule were sufficient to establish Article III standing. 980 F.3d 1146, 1154 (7th Cir. 2020) (emphasis in original). The Seventh Circuit stated that *Bryant* was limited to the specific theory invoked—the failure to publicly disclose a retention policy—"and did not address other provisions in Section 15(a)." *Id*. at 1148–49.

Like the plaintiff in *Fox*, Sloat alleges that Camfil unlawfully retained his biometric information and failed to destroy it even after the "initial purpose" for obtaining that information— "timekeeping and payroll"—had been accomplished due to his departure from the company. (Compl. ¶¶ 2, 36.) These allegations are sufficient to establish injury-in-fact. *See Neals v. ParTech, Inc.*, No. 19 C 5660, 2021 WL 463100, at *5 (N.D. Ill. Feb. 9, 2021) (concluding that allegations that biometric data was unlawfully retained in violation of § 15(a) were sufficient to establish Article III standing).

Camfil resists this conclusion, arguing that because less than three years have passed since Sloat left Camfil, any claim that the company violated § 15(a) by failing to destroy his information is not yet ripe. (R. 16 at 5–6.) The ripeness doctrine "arises out of [Article III's] case or controversy requirement," and its "underlying objective is to avoid premature adjudication and judicial entanglement in abstract disagreements. *Church of Our Lord & Savior Jesus Christ v. City of Markham*, 913 F.3d 670, 676 (7th Cir. 2019) (internal citations omitted). If a claim is unripe, the

6

Court must dismiss it because "[f]ederal courts lack jurisdiction to consider an unripe claim." *Kathrein v. City of Evanston*, 636 F.3d 906, 915 (7th Cir. 2011).

The Court is not persuaded that Sloat's § 15(a) claim is unripe simply because less than three years have passed since his departure from the company. Section 15(a) provides that an individual's biometric information must be destroyed when "[t]he initial purpose for collecting or obtaining such identifiers or information has been satisfied *or* within 3 years of the individual's last interaction with the private entity, *whichever occurs first*." 740 ILCS 14/15 (emphasis added). Again, Sloat has plausibly alleged that the purpose for obtaining his information was satisfied when he left the company prior to the initiation of this lawsuit. Indeed, in *Fox*, the Seventh Circuit found that the plaintiff had standing to bring her suit under § 15(a) even though less than two years had passed since she left the company. *Fox*, 980 F.3d at 1149.

Sloat's allegations of unlawful retention distinguish this case from others in which § 15(a) claims have been dismissed on ripeness grounds. For example, in *Horn v. Method Products, PBC*, the plaintiff did not allege that the defendant unlawfully retained his biometric information. No. 21 C 5621, 2022 WL 1090887, at *4 (N.D. Ill. Apr. 12, 2022). And in *Kislov v. American Airlines, Inc.*, the plaintiffs "unambiguously stated" that they were not pursuing a § 15(a) claim based on the defendant's unlawful retention of their biometric information. 566 F. Supp. 3d 909, 914 (N.D. Ill. 2021). Because Sloat has plausibly alleged that Camfil unlawfully retained his biometric information in violation of § 15(a), he has established Article III standing with respect to this claim.

7

That leaves Sloat's § 15(b) claim. Section 15(b) prohibits the collection of biometric identifiers or biometric information unless the collecting party (1) informs the person "in writing that a biometric identifier or biometric information is being collected or stored"; (2) informs the person "in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used"; and (3) obtains a written release from the person. 740 ILCS 14/15(b).

The Seventh Circuit "resolved the standing question for claims under section 15(b)" in *Bryant* and held that "a violation of section 15(b) inflicts an Article III injury." *Cothron v. White Castle Sys., Inc.*, 20 F.4th 1156, 1160–1161 (7th Cir. 2021). Sloat's allegations that Camfil violated § 15(b) by failing to inform him in writing that it was collecting and storing his biometric information, failing to inform him of the purpose of the collection and storage, and failing to obtain a written release are therefore sufficient to establish an injury for Article III standing purposes. *See Bryant*, 958 F.3d at 622–26. Sloat therefore may proceed on his § 15(b) claim.

II.     **FAILURE TO STATE A CLAIM**

Next, the Court considers Camfil's motion to dismiss Sloat's BIPA claim under Rule 12(b)(6). Camfil raises two arguments in support of dismissal. First, it argues that Sloat fails to state a claim for statutory damages under BIPA because he has failed to allege intentional, reckless, or negligent conduct. (R. 16 at 6–9.) Alternatively, it argues that Sloat's BIPA claims are barred by the doctrine of laches. (*Id.* at 9–11.)

8

### A. Intentional, Reckless or Negligent Conduct

Camfil first argues that Sloat has failed to state a plausible claim for liquidated damages under BIPA because he has not pleaded sufficient facts for the Court to infer that Camfil acted negligently, intentionally, or recklessly. "BIPA contains four remedies available to prevailing plaintiffs." *BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015). Under § 20(1) and § (20)(2), a party may recover damages of at least $1,000 for each negligent violation and at least $5,000 for each reckless or willful violation. 740 ILCS 14/20. Sections 20(3) and 20(4) allow a plaintiff to recovery reasonable attorneys' fees and costs and other relief, including injunctive relief. *Id.* Camfil focuses on the statutory damages provisions and argues that the complaint lacks sufficient facts for the Court to infer that the company acted with the relevant culpable mind states.

Courts in this District have reached conflicting outcomes as to whether a complaint must set forth detailed allegations regarding a defendant's state of mind to state a claim under BIPA. A minority of courts have treated BIPA's four damages categories as separate claims for relief and have dismissed theories of intentional or reckless conduct under Rule 12(b)(6) where the complaint fails to plausibly allege facts regarding the defendant's state of mind. *See, e.g., Kukovec v. Estee Lauder Cos., Inc.*, No. 22 C 1988, 2022 WL 16744196, at *8 (N.D. Ill. Nov. 7, 2022) (dismissing BIPA claim for intentional and reckless conduct due to plaintiff's failure to plausibly allege recklessness or intent); *Rogers v. CSX Intermodal Terminals, Inc.*, 409 F. Supp. 3d 612, 619 (N.D. Ill. 2019) (same).

Most courts have taken a different approach and rejected the notion that the liquidated damages categories enumerated in § 20 reflect separate claims. Instead, these courts have held that the subsections list separate forms of relief, which need not be pled in the complaint. *See Wilk v. Brainshark, Inc.*, 631 F. Supp. 3d 522, 531 (N.D. Ill. 2022) (rejecting defendant's argument to dismiss claims for intentional or reckless conduct because "a plaintiff need not show his entitlement to the precise forms of relief that he seeks at the pleading stage") (internal citation and quotation marks omitted); *Vaughan v. Biomat USA, Inc.*, No. 20 C 4241, 2022 WL 4329094, at *12 (N.D. Ill. Sept. 19, 2022) (same); *Sosa v. Onfido, Inc.*, 600 F. Supp. 3d 859, 874 (N.D. Ill. 2022) ("[R]equests for liquidated damages are requests for a particular type of remedy should [the plaintiff] prevail on his underlying BIPA claim"); *accord Cothron v. White Castle Sys., Inc.*, 467 F. Supp. 3d 604, 615 (N.D. Ill. 2020); *Smith v. Signature Sys., Inc.*, No. 2021 C 2025, 2022 WL 595707, at *5 (N.D. Ill. Feb. 28, 2022); *Ibarra v. Prospera, LLC*, No. 20 C 7015, 2021 WL 1921015, at *4 (N.D. Ill. May 12, 2021).

The Court agrees with the majority approach and holds that Sloat's requests for liquidated damages under BIPA are not separate "claims," but demands for relief governed by Federal Rule of Civil Procedure 8(a)(3). While plaintiffs must include a "demand for the relief sought" in their complaint, they are not required to plead requests for damages plausibly or with particularity. *See, e.g., Ibarra*, 2021 WL 1921015, at *4 (citing Fed. R. Civ. P. 8(a)(3)). It follows that Sloat is not required to plead facts that show his entitlement to these precise forms of relief. *Cothron*, 467 F.

10

Supp. 3d at 615. The Court therefore denies Camfil's motion to dismiss the complaint on this basis.

### B. Laches

Camfil next argues that Sloat's BIPA claim is barred by the doctrine of laches. Laches is an equitable doctrine that "cuts off the right to sue when the plaintiff has delayed 'too long' in suing." *Teamster & Emp'rs Welfare Trust of Ill. v. Gorman Bros. Ready Mix*, 283 F.3d 877, 880 (7th Cir. 2002). It is an affirmative defense on which the asserting party bears the burden of proof. *Safety Socket LLC v. Relli Tech., Inc.*, No. 18 C 6670, 2023 WL 3455117, at *3 (N.D. Ill. May 15, 2023) (citing *Bauer v. J.B. Hunt Trans., Inc.*, 150 F.3d 759, 763 (7th Cir. 1998)). Because a complaint need not anticipate or overcome affirmative defenses such as the statute of limitations, Courts may only rule on affirmative defenses on a Rule 12(b)(6) motion when the plaintiff pleads himself out of court by disclosing the basis in his complaint. *Muhammad v. Oliver*, 547 F.3d 874, 878 (7th Cir. 2008); *Hollander v. Brown*, 457 F.3d 688, 691 (7th Cir. 2006).

Laches requires proof of two elements: (1) unreasonable delay and (2) prejudice to the other party. *Gorman Bros.*, 283 F.3d at 880. "[A] district court's decision to apply the doctrine of laches is discretionary." *AutoZone, Inc. v. Strick*, 543 F.3d 923, 934 (7th Cir. 2008) (citation omitted). Viewing the complaint's allegations in the light most favorable to Sloat, the Court finds that he has not pled himself out of court by alleging an unreasonable delay. To the contrary, Sloat filed his claims well within BIPA's five-year statute of limitations period, *see Tims v. Black Horse Carriers, Inc.*, 216 N.E.3d 845, 854 (Ill. 2023) (holding that a five-year limitation period applies to

11

BIPA claims), and less than three years after he terminated his employment with Camfil. Under the circumstances, the Court cannot conclude with certainty that Sloat's delay in bringing this action was unreasonable.

Camfil cites an unreported decision by the Sixteenth Judicial Circuit Court, Kane County, Illinois, *Arguenta v. Proven Partners Group, LLP*, in which the court purportedly dismissed BIPA claims on laches grounds. (R. 16 at 10.) But Illinois circuit court decisions are not binding on this Court, and Camfil's counsel failed to attach the transcript containing the state court's ruling to its memorandum in support of its motion to dismiss. Nevertheless, the facts of *Arguenta* as described by Camfil are distinct. The plaintiff in *Arguenta* apparently signed a BIPA-compliant consent form early in her employment with the defendant. (*Id.*) Despite acquiescing to the collection of her biometric information, she brought suit five years later. (*See id.*) In this case, however, Sloat does not allege (nor does Camfil contend) that he signed a BIPA-compliant consent form at any time. There is nothing in the complaint indicating when Sloat became aware that Camfil's collection of his biometric identifiers potentially violated BIPA. Because unreasonable delay is not apparent from the face of the complaint, the Court denies Camfil's motion to dismiss based on laches.

### III.   MOTION TO STRIKE CLASS ALLEGATIONS

Finally, Camfil moves to strike class allegations from Sloat's complaint. Class actions are governed by Rule 23 of the Federal Rule of Civil Procedure. Under Rule 23, class certification proceeds in "two steps." *Priddy v. Health Care Serv. Corp.*, 870 F.3d 657, 660 (7th Cir. 2017). First, the party seeking certification must

demonstrate four threshold elements under Rule 23(a): (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. *Id.* "The second step requires the party to satisfy 'at least one of the three requirements listed in Rule 23(b).'" *Id.* (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 345 (2011)).

Sloat's complaint indicates that he intends to seek certification under Rule 23(b)(3), which permits class action treatment if "questions of law and fact common to the class members predominate over questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

Camfil seeks to strike Sloat's class allegations on the grounds that he cannot satisfy Rule 23(b)(3)'s superiority requirement. (R. 16 at 11–13.) It argues that a class action is not a superior means of resolving Sloat's claims because he is asserting a "per-scan" theory of damages. (*Id.* at 12–13.)[1] Since Sloat alleges that his biometric identifiers were scanned "over 1,000 times" and each scan would yield a separate claim for statutory damages Sloat's individual damages alone could amount to as much as $5 million—a significant potential recovery. (*Id.* at 12.) And "if a class member has a large enough stake to be able to litigate on his own, the case for class action treatment is weakened." *Pastor v. State Farm Mut. Auto. Ins. Co.*, 487 F.3d 1042, 1047 (7th Cir. 2007).

---

[1] Although Camfil "vehemently disputes that a 'per-scan' theory of damages is appropriate under BIPA or would survive a due process challenge," (R. 16 at 12), the Illinois Supreme Court has held that a BIPA claim accrues every time a company scans or transmits a person's biometric information without informed consent. *Cothron v. White Castle Sys.*, 216 N.E.3d 918, 929 (Ill. 2023).

Camfil's superiority argument is premature at the pleading stage. As other courts in this District have held, "[c]ompliance with the Rule 23 prerequisites . . . should not be tested by a motion to dismiss." *Santana v. Sheriff of Winnebago Cnty.*, No. 18 C 50216, 2019 WL 1858522, at *2–3 (N.D. Ill. Apr. 25, 2019) (quoting Wright, Miller & Kane, *Federal Practice & Procedure*, Civil 3d § 1798). Rather, "[t]he proper vehicle" for challenging the validity of a class action proceeding "is Rule 23(c)(1)(A), which provides that, at an early practicable time, the court must "determine by order whether to certify the class as a class action." *Id.* (citation omitted).

Due to the fact-specific nature of the superiority inquiry, resolving this question before a factual record has been developed would be jumping the gun. *See Priddy*, 870 F.3d at 660 (explaining that superiority and commonality "are not inquiries that the court is free to make in a fact-free zone"). Accordingly, the Court denies Camfil's motion to strike Sloat's class action allegations.

## CONCLUSION

For the reasons set forth in this Memorandum Opinion and Order, Defendant Camfil USA, Inc.'s motion to dismiss [15] is denied. The defendant will have until May 1, 2024, to answer the complaint.

Date: 4/10/2024

JEREMY C. DANIEL
United States District Judge